

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main +1 212 308 4844 fax
edwardswildman.com

Andre K. Cizmarik
Counsel
+1 212 912 2731
*fax* +1 888 325 9598
acizmarik@edwardswildman.com

July 31, 2013

**VIA ECF**

Hon. Katherine Hayden
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

    Re:    <u>Dragon Boom Limited v. Minmetals, Inc., Case No. 13-cv-03072-KSH-CLW</u>

Dear Judge Hayden:

We represent respondent Minmetals, Inc. ("Minmetals"), and we write in response to petitioner Dragon Boom Limited's ("Dragon Boom") July 30, 2013 letter.

Significantly, Dragon Boom acknowledges that Minmetals satisfied the full amount due pursuant to the CIETAC arbitration award – $3,084,137.42 – by wire-transferring that sum into a Dragon Boom bank account, precisely as Dragon Boom had instructed. Dragon Boom now claims that Minmetals acted in bad faith by freezing said bank account, thus preventing Dragon Boom from dissipating the funds before resolution of the actions pending in Hong Kong and before Your Honor (<u>Minmetals, Inc. v. Dragon Boom, et al.</u>, Case No. 2:13-cv-03834 KSH (CLW)).

Contrary to petitioner's assertions, Minmetals' actions were neither subterfuge nor sleight-of-hand, but rather, an effort to enforce its rights in Hong Kong, with respect to claims it has against Dragon Boom. Minmetals never waived its right to assert these claims – it merely agreed to transfer money in satisfaction of the CIETAC award into Dragon Boom's account. Dragon Boom's suggestion that Minmetals should not be permitted to pursue these claims or otherwise exercise its rights, thus, rings hollow.

The fact that the money paid by Minmetals to Dragon Boom in satisfaction of the CIETAC award is now "frozen," does not make it any less Dragon Boom's money. Dragon Boom has not – and cannot – argue that anyone else has possession of, or title to, those funds. Indeed, if Dragon Boom prevails, the freeze will be lifted, and it will have full access to those funds. (Dragon Boom will also benefit from any interest earned on that money in the interim.) In that event, any further monies that Dragon Boom would recover as a result of this Court's confirming the arbitral award would be a double recovery, and thus a pure windfall. On



Hon. Katherine Hayden
July 31, 2013
Page 2

the other hand, if Minmetals prevails, then – and only then – would possession of those frozen funds rightfully transfer to it, i.e., in order to satisfy a duly rendered judgment.

For these reasons, Minmetals respectfully submits that Dragon Boom has not raised any issues that merit this Court's confirming the already-satisfied CIETAC arbitral award. Thus, it is respectfully submitted that Dragon Boom's petition should be summarily denied. Indeed, it is frivolous for petitioner to persist with this action given that the arbitral award has already been paid.

In the event that the Court elects not to dismiss the petition outright, Minmetals requests that this Court suspend the current briefing schedule on Dragon Boom's petition to confirm – pursuant to which Minmetals' opposition is due August 9, 2013 – at least until such time as the litigation in Hong Kong is resolved. The briefing in Hong Kong is expected to be completed by September 13, 2013. In the interim, we respectfully submit that it would be beneficial for the Court to schedule a telephone conference with the parties to discuss these issues.

Respectfully submitted,

*Andrew R. Cizmarik*
Andrew R. Cizmarik

cc: John J. Janiec, Esq. (via e-mail)

AM 22741988.2

> The request to suspend the briefing schedule is denied. Minmetals' opposition remains due on August 9. Dragon Boom shall file its reply by August 16.
>
> *Katharine Hayden* 8/6/13
> Katharine S. Hayden, U.S.D.J